**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

LORRIE McCONNELL,

        Plaintiff,

v.

PETER WOODS, *et al.*,

        Defendants.

2:06-cv-00901-LRH-LRL

# REPORT & RECOMMENDATION

    Lorrie McConnell is suing various individuals over claims arising out of alleged forgery, fraud, extortion, stalking, and "intent to make look crazy." Acting *pro se*, plaintiff filed a Motion to Proceed *In Forma Pauperis* and Complaint on July 24, 2006 (#1). The undersigned United States Magistrate Judge has not ruled on her Motion, and instead submits this Report and Recommendation.

## BACKGROUND

    McConnell has filed four separate actions involving the same defendants and facts, with slight variations, over the past year.[1] She has sought to proceed *in forma pauperis* in each instance.

## DISCUSSION

    Because plaintiff is proceeding *in forma pauperis*, this court must review the instant action. 28 U.S.C. § 1915(e)(2); *Denton v. Hernandez*, 504 U.S. 25, 27 (1992). Upon review the court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune

---

[1] 2:05-cv-00538-RLH-PAL closed May 5, 2005; 2:05-cv-00996-BES-LRL, R&R to dismiss pending; 2:05-cv-01019-JCM-GWF closed November 23, 2005; and 2:05-cv-01024-JCM-GWF pending.

from such relief. 28 U.S.C. § 1915(e)(2)(B).

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 329–30 (1989). Moreover, "a court may dismiss as frivolous complaints reciting bare legal conclusions with no suggestion of supporting facts, or postulating events and circumstances of a wholly fanciful kind." *Franklin v. Murphy*, 745 F.2d 1221, 1226 (9th Cir. 1984).

Pleadings prepared by *pro se* litigants should be held to less stringent standards and thus be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (*per curiam*); *see also King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986). However, "[p]ro se litigants must [still] follow the same rules of procedure as other litigants." *King*, 814 F.2d at 567 (*citations omitted*). In determining whether a plaintiff has satisfied Rule 12(b)(6), all material allegations in the complaint are accepted as true and are construed in the light most favorable to the plaintiff. *See Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980) (*citations omitted*).

Despite previous dismissals, McConnell, undaunted, continues to make the same frivolous allegations against the same defendants. McConnell's Complaint is disorganized, and consists mostly of stream-of-consciousness writings. These writings are filled with delusional allegations that she was kidnapped by terrorists and the Charles Manson gang; her thirteen children were murdered and no police investigation followed; her identity has been stolen; the police are not using her correct fingerprints; and she has given evidence that was covered in blood to the U.S. Marshal Service. These allegations are "wholly fanciful" and therefore frivolous. *Franklin v. Murphy*, 745 F.2d at 1226.

. . .

. . .

**RECOMMENDATION**

Based on the foregoing, it is the recommendation of the undersigned United States Magistrate Judge that plaintiff's Application to Proceed *In Forma Pauperis* (# 1) be denied and the accompanying Complaint (# 1) be dismissed with prejudice.

DATED this 18th day of August, 2006.

_____
**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**